[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL
This action is based on the Capalbo claims of injury and damages as a result of the operations of Balf's quarry. The plaintiffs designated Mr. Robinson Buck as an expert witness expected to testify as to the alleged impact of the defendant's operations on the plaintiff's property. CT Page 2105
Mr. Buck was subpoenaed to appear at a deposition and produce certain documents:
 "Any correspondence or other documents which evidence, refer or otherwise relate to communications, with Frank Capalbo and John Capalbo, and/or any of their agents, including their counsel, regarding your investigation of blasting and/or the operation of stone crushers at the Ball Quarry and your factual findings and opinions resulting therefrom."
Mr. Buck appeared at the deposition with his file. Counsel for the plaintiffs took a document from Mr. Buck, told Mr. Buck not to give it to defense counsel, and retained the document. The document was identified by plaintiffs' counsel as a letter dated June 25, 1992 from Buck to Michael Bellobuono, an attorney for the plaintiffs who does not represent them in this action. At the deposition counsel for the plaintiffs said the letter was work product because it was allegedly written in response to and reflects information requested by Attorney Bellobuono. They now are willing to deliver a redacted version of the letter which deletes two sentences. As to those two sentences, it is claimed that they involve communications between an expert and an attorney concerning information emanating directly from the client and thus subject to the attorney-client privilege. They also argue that the redacted information is inadmissible because it arose in the context of settlement negotiations with a judge a few months before Buck was identified as an expert who would testify at trial. They also claim all of the actual opinion information of this expert was divulged at the deposition and is set forth in the unredacted portion of the letter. Counsel also reject defense counsels' position that the plaintiffs waived the attorney-client privilege because only the client can do so and there is no evidence or information before the court indicating that is the case.
The court has been given a copy of the redacted and unredacted letter in order that it may decide this issue.
The work product rule of PB 219 would not seem to CT Page 2106 apply. That doctrine protects an attorney's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible items." Hickman v. Taylor, 328 U.S. 495, 511
(1946). Federal Rule 26 upon which PB 219 is modeled extends the protection of the doctrine to the attorney or the attorney's agent regarding materials prepared in anticipation of litigation.
However, the redacted material here involves a request by the plaintiffs themselves to have certain information deleted from the expert's report and the expert's indication that in light of that request he planned to prepare his report in a certain way which would accommodate the plaintiffs' concerns and requests for deletion of material.
 "This lack of involvement of counsel is . . . dispositive of the claim that the reports were a `work product' Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation."
 Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95 (1967).
The next claim is that the redacted portion of the letter is protected by the attorney-client privilege.
It is no doubt true as stated in Tait Le Plante Handbook of Connecticut Evidence, that experts retained by a lawyer to aid the clients and his counsel in preparation of the case are protected by the attorney-client privilege, 12.5.5, page 447. The expert is viewed as "an intermediate agent" for communications between the client and the attorney. City County of San Francisco v. Superior Court, 231 P.2d 26, 29 (1951) (Traynor, J.), cf Rev. Unif R. Evid 502(a)(4), cf State v. Pratt,398 A.2d 421, 423 (Md., 1979) also see State v. Toste, 178 Conn. 626,628 (1979), State v. Hunt, 138 A.2d 1, 11 (N.J., 1958).
However, Mr. Buck has been designated by the plaintiffs under P.B. 220 as a witness who will testify at trial. This court agrees with the reasoning of CT Page 2107 National Steel Products Co. v. Superior Court that a waiver of the privilege exists where an agent of the attorney, here an expert, is to testify — the client has impliedly, if not actually, consented to disclosure of the information given to the attorney by way of the expert. This is analogous to the finding of waiver where the client calls the attorney as a witness to privileged communications — "this obviously would waive as to all consultations relating to the same subject . . . if the client uses the lawyer to prove matter which he would only have learned in the course of his [sic] employment this again should be considered a waiver as to related privileged communications." McCormick, Evidence, 4th ed, 93 pp 344-345.
Furthermore, the redacted material, a communication or request from the plaintiffs, admittedly affected the very nature of the opinion or report which the expert gave to the attorney. The expert admits quite honestly that he modified his report at the client's request.
At trial the defendant is entitled by way of cross-examination to completely and fully explore the basis of the opinion of the plaintiff's expert. That being the case it is difficult to see how this redacted material can be kept from the defendants.
The case of Boring v. Keller, 97 F.R.D 404 (1983) is not directly on point since it involves an analysis of waiver of the work product rule under Fed. Rules of Procedure 26 but it is instructive. The case concerned the right to disclosure of so-called "opinion work product, — mental impressions, conclusions or opinions of a lawyer. This type of work product is given the highest protection under our rules PB 219 and does not even appear discoverable. Boring v. Keller, went on to state that
 "One situation in which opinion work product is not protected is where an expert witness utilizes counsel's opinion work product in order to formulate his or her opinion . . . . Courts have extended the expert witness exception and have held that a waiver of the privilege exists where counsel has delivered work product to an expert to be useful to to the client but then withholds the material from an adversary who seeks to exploit the fact of this CT Page 2108 assistance in cross-examining the witness . . . . In particular, the protection has been waived because immunized materials should not remain undiscoverable after they have been used to influence and shape testimony. (Emphasis added) id. at page 407.
The reasoning of Bowing v. Keller applies here and the plaintiffs' protestations that the redacted material arose in the course of settlement negotiations is equally unpersuasive. Those settlement negotiations took place in July of 1992, two months before Mr. Buck was disclosed as a trial expert. The plaintiffs were under no compulsion to use Mr. Buck as their trial expert and once having decided to do so fairness dictates that communications which did or might have influenced his opinion be disclosed to opposing counsel. They certainly are entitled to that opinion and "a summary of the grounds for each opinion, PB 220A(1); to withhold the redacted portion of the material could mislead the defendants and would not comport the requirements of that rule.
The argument that waiver cannot be found because only the client can consent to the waiver misses the mark. Counsel for the plaintiffs are their agents and an attorney as the client's agent can certainly waive the privilege, see McCormick, Evidence 4th ed, page 341. The management of the case is left to the attorney. He is the expert in our rules of procedure. Here counsel for the plaintiffs designated Mr. Buck as the trial expert. That is certainly within their authority as attorneys acting as agents of the client. As just discussed they, in effect, have waived by their actions any privilege the client may have had by designating Mr. Buck as a trial expert.
The motion to compel is granted. Counsel for the defendant is entitled to examine the complete unredacted letter.
Corradino, J.